# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDRIC TYRONE WALKER,** | : | |
| Plaintiff | : | |
| | : | No. 1:16-cv-01326 |
| v. | : | |
| | : | (Judge Rambo) |
| **R. FISHER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

### I. BACKGROUND

On June 27, 2016, Plaintiff Cedric Tyrone Walker ("Plaintiff"), an inmate formerly confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the above-captioned action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc No. 1.) The action named as Defendants three correctional officers employed at USP-Lewisburg: R. Fisher, J. Romig, and N. Beaver. (Id.) Walker claims that his rights under the Eighth Amendment were violated when Defendants chained him to his bunk for several days and failed to provide him with food and water. (Id.) He further claims that Defendants placed him in handcuffs which cut off blood circulation and caused "open wounds on [his] wrist[s]" and threatened to tighten the handcuffs "even more" after he requested medical assistance. (Id.)

On July 24, 2017, the Court granted Defendants' motion for summary judgment, concluding that Plaintiff failed to exhaust his administrative remedies. (Doc. Nos. 31, 32.) Plaintiff filed a notice of appeal, which was docketed on September 1, 2017. (Doc. No. 33.) On April 5, 2018, the United States Court of Appeals for the Third Circuit vacated this Court's July 24, 2017 Order, and remanded the matter for further proceedings. (Doc. No. 36.) In its Opinion, the Third Circuit noted that there is a genuine issue regarding whether BP-8 forms were available to Plaintiff. Walker v. R. Fisher, No. 17-2922, at 5 (3d Cir. Apr. 5, 2018). The Third Circuit provided that while the declaration of Officer Diltz stated that Diltz did not give Plaintiff any "*completed*" BP-8 forms, the declaration left open the question of whether Plaintiff requested BP-8 forms from Diltz and was denied the forms. Id. (emphasis original). The Third Circuit also noted that Plaintiff may have unsuccessfully requested other officers to provide him with forms and wanted to see the actual administrative remedy forms, not just the computer generated abstracts because it is unclear whether Plaintiff complained about the unavailability of the proper forms in his grievances. Id.

Accordingly, on April 10, 2018, in accordance with the Third Circuit's Remand Order (Doc. No. 36), and pursuant to Paladino v. Newsome, 885 F.3d 203 (3d Cir. Mar. 16, 2018), the Court directed the parties to provide supplemental responses, including additional evidence, relevant the exhaustion issue. (Doc. No.

38.) On April 30, 2018, Defendants provided supplemental materials addressing the exhaustion issue. (Doc. No. 40.) To date, Plaintiff has not filed any supplemental materials, despite the Court directing him to do so. (Doc. No. 38.) Accordingly, this matter is ripe for disposition.

## II.     LEGAL STANDARD

The Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257;

Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders

4

all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

## III. DISCUSSION

In response to the Third Circuit's Remand Order (Doc. No. 36), and in accordance with this Court's Paladino Order (Doc. No. 38), Defendants filed supplemental materials evidencing Plaintiff's failure to exhaust his available administrative remedies. (Doc. No. 40.) As previously set forth in this Court's July 24, 2017 Memorandum (Doc. No. 31), failure to exhaust is an affirmative defense that must be pled by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). "In a motion for summary judgment, where the movants have the burden of proof at trial, 'they [have] the burden of supporting their motion for summary judgment with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006) (quoting In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (internal quotations omitted)). If "the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. (quoting Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1582 (3d Cir. 1992) (internal quotations omitted)).

The Court has previously recognized that the BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any issue

5

relating to any aspect of his confinement. (Doc. No. 15-1, Knepper Declaration.) Inmates must first informally present their complaint to staff in an attempt to resolve the matter. (Id.) If informal resolution is unsuccessful, the inmate then presents the issue to the Warden of the facility within twenty (20) calendar days of the events giving rise to the complaint. (Id.) An inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty (20) calendar days. (Id.) If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office within thirty (30) calendar days. (Id.) Furthermore, if an inmate reasonably believes the issues on which he is filing is sensitive and his safety of well-being would be placed in danger if the request became known, he may submit his remedy directly to the appropriate Regional Director. (Id.) If, however, the Regional Director finds the remedy is not sensitive, it will be rejected with a notice indicating as such and directing the inmate to file at the institution level. (Id.)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1197e(a); see Petrucelli v. Hasty, 605 F. Supp. 2d 410 (E.D. N.Y. 2009) (providing that the PLRA's exhaustion requirement applies to Bivens claims). Additionally, courts have imposed a procedural default

component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. See e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Warman, 49 F. App'x at 368.

In their initial summary judgment materials, Defendants attached the declaration of Jennifer Knepper, an attorney advisor at USP-Lewisburg. (Doc. No. 15-1.) In utilizing the SENTRY records, Knepper has identified all grievances filed by Plaintiff. (Id.) She provides that all of Plaintiff's grievances were rejected. (Id.) More specifically, those grievances identified with the subject matter of this instant lawsuit were rejected by the Regional Office for not being first filed at the institution level. (Id.) Knepper declares that Plaintiff was directed to re-file at the institution level, but he failed to do so. (Id.)

Plaintiff did not dispute the factual underpinnings of the failure-to-exhaust claim raised by Defendants in his initial response to the summary judgment motion. (Doc. No. 25.) Rather, Plaintiff contended that Defendants hindered his ability to file his grievances. (Id.) Specifically, in his brief in opposition, Plaintiff maintained that Defendants provided him with the wrong forms for filing his grievances, even though he specifically requested a form grievance for the institution level. (Id. at 2.) However, to date, Plaintiff has not provided the Court with any further supplemental arguments or materials on remand of the exhaustion issue.

In response to the Third Circuit's Remand Order (Doc. No. 36), and this Court's Paladino Order (Doc. No. 38), Defendants provide the following supplemental evidence to support their argument that Plaintiff has failed to exhaust

8

his administrative remedies despite the availability of the remedy process to him. Defendants note that Plaintiff does not dispute the assertion that he failed to exhaust his available administrative remedies. (Doc. No. 40 at 3.) Rather, Defendants argue that in Plaintiff's complaint, Plaintiff indicated that he exhausted his administrative remedies by filing a BP-10 form at the Region and a BP-11 form at the Central Office, both of which were rejected. (Doc. No. 1 at 2, Section II.) Additionally, Plaintiff did not indicate that he was ever denied necessary forms to exhaust. (Id.)

Defendants also maintain that the first time Plaintiff ever claimed that he was denied necessary remedy forms was after Defendants raised the exhaustion issue in their initial dispositive motion. (Doc. No. 40 at 4.) It was only after Defendants filed their dispositive motion that Plaintiff changed his averments to claim that his case manager and counselor denied him BP-8 forms. (Doc. No. 18 ¶ 8.) Defendants highlight a third transition in Plaintiff's argument contained in his oppositional brief to Defendants' motion for summary judgment. In his brief, Plaintiff now claims that he was provided remedy forms but that the forms were provided "late to hinder his procedural administrative remedies." (Doc. No. 25 at 1-2.)

In support of their position that Plaintiff failed to exhaust his administrative remedies despite the availability of the remedy process to him, Defendants

9

supplemented the record with additional declarations from Correctional Counselors J. Diltz and R. Marr, and Paralegal Specialist, Keri Sorce. These declarations are in addition to the previously filed declaration of Counselor Bingaman who stated that Plaintiff did not request any BP-8 forms from him during the pertinent time at issue. (Doc. No. 26-1, Bingaman Declaration.) Counselor Diltz's supplemental declaration provides that while Plaintiff was assigned to her caseload from July 14, 2015 through May 11, 2016, Plaintiff could have obtained remedy forms from her, even if he was unable to obtain a remedy form from another member of Plaintiff's Unit Team. (Doc. No. 40, Ex. 1, ¶¶ 2, 3.) Diltz further declares that she never refused to provide remedy forms to Plaintiff. (Id. ¶ 3.) Similarly, Counselor Marr declares that while Plaintiff was assigned to his caseload from May 11, 2016 through July 7, 2016, Plaintiff could have obtained remedy forms from Marr if Plaintiff was having difficulty obtaining remedy forms from other members of Plaintiff's Unit Team. (Doc. No. 40, Ex. 2, ¶¶ 2, 3.) Marr further denies ever refusing to provide remedy forms to Plaintiff. (Id. ¶ 3.)

Counselor Diltz's supplemental declaration and Paralegal Specialist Sorce's declaration also provide that during the timeframe in question, Plaintiff did not complete or file any BP-8 forms regarding the claims raised in his complaint. (Doc. No. 40, Ex. 1, ¶ 8, Diltz Supplemental Declaration; Ex. 3 ¶¶ 10-14, Sorce Declaration.) Diltz reviewed her logbook and Sorce reviewed the Administrative

Remedy Generalized Retrieval Report, and both sources confirmed that during the timeframe in question, Plaintiff did not complete or file any BP-8 forms regarding the claims raised in his complaint. (Id.)

The Sorce declaration also provides that while the BOP does not save rejected forms, it returns the rejected forms to the inmate with directions on how to cure the defect[s]. (Doc. No. 40, Ex. 3 ¶ 7, 8.) If any of Plaintiff's forms contained complaints that he was being denied BP-8 forms, these documents would have been provided with the subject code "33H" by Sorce, indicating a concern with access to the remedy program or forms. (Id. ¶¶ 11-14.) However, while at USP-Lewisburg, Plaintiff did not file any remedies with a "33H" subject code and "none of Plaintiff's rejected remedy abstracts indicate that he filed an administrative remedy alleging he was denied access to administrative remedy forms." (Id. ¶ 13; Attach. B, Administrative Remedy Subject Codes; Attach. C, Administrative Remedy Generalized Retrieval Report dated April 11, 2018; Attach. D, Administrative Remedy Generalized Retrieval Report dated December 13, 2016.)

The Court finds that Defendants have satisfied their burden under Rule 56 of the Federal Rules of Civil Procedure in identifying evidence which demonstrates the absence of a genuine issue of material fact. Thus, it is now clear that the supplemented summary judgment record demonstrates that Plaintiff has failed to

properly exhaust his available administrative remedies. Defendants have supported their motion with record evidence, including the declarations and supplemental declarations of Correctional Counselors Bingaman, J. Diltz, and R. Marr, and Paralegal Specialist, Keri Sorce. These declarations support Defendants' contention that administrative remedy forms were available to Plaintiff and that Officers Bingaman, Diltz, and Marr all deny that they ever refused to provide Plaintiff with remedy forms. The undisputed evidence of record also reflects that Plaintiff did not complain about the unavailability of proper grievance forms. If he had, then such complaints would have been coded by Ms. Sorce as a "33H" subject code. The record reveals that no such complaints were made by Plaintiff while he was incarcerated at USP-Lewisburg.

While given the opportunity to supplement the record to specifically address the exhaustion issue, Plaintiff has not produced any further evidence that refutes Defendants' evidence. Under Rule 56, Plaintiff was required to go beyond his pleadings with affidavits or the like in order to establish the existence of a genuine dispute of material fact. See Celotex Corp. 477 U.S. at 324. Plaintiff has failed to do so and the supplemented record supports Defendants' position that Plaintiff has failed to exhaust his available remedies. Accordingly, summary judgment will be entered in Defendants' favor.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be granted. An appropriate order follows.

                                   s/Sylvia H. Rambo
                                   SYLVIA H. RAMBO
                                   United States District Judge

Dated: October 2, 2018